## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

STEVEN IVEY,                                    )
                                                )
              Plaintiff,                         )
                                                )
       v.                                       )          Civil No. 07-1284 (EGS)
                                                )          **ECF**
DEPARTMENT OF JUSTICE,                           )
                                                )
              Defendant.                         )
_____)

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant, through

counsel, respectfully moves this Court to dismiss the complaint that has been filed in this action.

Plaintiff has been afforded the relief that he seeks thereby making this matter moot.  Alternatively,

summary judgment is appropriate because the defendant has fully discharged its obligations under

the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  A statement of materials facts not in

dispute, a memorandum of points and authorities and a proposed order accompany this motion.

Plaintiff, who is proceeding pro se, should take notice that any factual assertions contained

in the accompanying affidavit and other attachments in support of defendant's motion will be

accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary

evidence contradicting the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453

(D.C.Cir. 1992); see also Local Rule 7(h)[1] and Fed. R. Civ. P. 56(e).  Fed. R. Civ. P. 56(e)

provides that:

_____

[1]  Requiring that oppositions to motions for summary judgment "shall" be accompanied
by a "separate concise statement of genuine issues setting forth all material facts as to which it is
contended there exists a genuine issue necessary to be litigated, which shall include references to
the parts of the record relied on to support the statement."  LCvR 7(h).

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/ Jeffrey A. Taylor

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras

RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson

MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

STEVEN IVEY,                          )
                                      )
         Plaintiff,                )
                                      )
        v.                         )     Civil No. 07-1284 (EGS)
                                      )          **ECF**
DEPARTMENT OF JUSTICE,                )
                                      )
        Defendant.                )

---

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant, the United States Department of Justice ("DOJ") hereby seeks dismissal of plaintiff's complaint because plaintiff has received the records that he sought in his request submitted pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and therefore this action is now moot. Alternatively, summary judgment is required because DOJ has fully discharged its duties under the FOIA.

### BACKGROUND

The facts relevant to this matter are contained in defendant's Statement of Material Facts as to Which There is No Genuine Issue, which is attached to this motion.

### ARGUMENT

## I.     DISMISSAL IS REQUIRED BECAUSE THIS ACTION IS NOW MOOT.

### A.     Standard of Review

Dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because this case is now moot. See Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) ("As mootness creates a jurisdictional defect, respondents' motion will be treated as a motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(1).").  In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

### B. Defendant Has Fully Complied with Plaintiff's Request Warranting Dismissal on Mootness Grounds.

As the Supreme Court has stated, "federal courts are without power to decide questions that cannot effect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  This inability of the federal judiciary "'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" Id. (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies"); Florida Wildlife Federation v. Goldschmidt, 611 F.2d 547, 548 (5th Cir. 1980).

The District of Columbia Circuit has strictly enforced Article III's requirements. "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Fraternal Order of Police v. Rubin, 134 F. Supp. 2d 39, 41 (D.D.C. 2001). Article III limits the federal courts to deciding "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." Flast v. Cohen, 392 U.S. 83, 95 (1968). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Albritton v. Kantor, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

A case is rendered moot when the relief sought by the plaintiff has already been provided. See, e.g., Jean v. Dep't of Labor, No. Civ.A. 89-0611, 1990 WL 51563, at *4 (D.D.C. Jan. 9, 1990) (dismissing complaint as moot where "defendants have already afforded [plaintiffs the] relief [they seek]."). Decisions in this district have recognized in the context of FOIA actions that compliance by the agency moots the controversy before the Court. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (holding that although agency's "response may have failed to meet FOIA's mandated standards of promptness . . . ." action was moot because the "agency by now has released all nonexmpt materials the [plaintiffs] seek."); Carbe v. Bureau of Alcohol, Tobacco & Firearms, No. Civ.A. 03-1658, 2004 WL 2051359, at *8-9 (D.D.C. Aug. 14, 2004) (holding that FOIA actions against agencies were moot where the agencies had conducted adequate searches

and had not located any responsive documents).

The current action before this Court is now moot because the DOJ/Civil Rights Division ("CRT") has released all of the information that was responsive to plaintiff's request. Declaration of Nelson D. Hermilla ("Hermilla Decl.") ¶ 10.  No information was withheld or redacted.  Id. Thus, at this juncture, there remains no live controversy to be adjudicated by the Court, and dismissal is appropriate.  See Tijerina, 821 F.2d at 799 (holding that where agency had released all non-exempt materials sought by plaintiffs' FOIA request, plaintiffs' "claims no longer present a live controversy.").

## II.    ALTERNATIVELY, DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

### A.    Standard of Review

In general, summary judgment is the procedural vehicle by which most FOIA actions are resolved.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.").  While the defendant has the burden of proof on all material issues related to the merits of any claimed FOIA exemptions, summary judgment is to be freely granted where there are no material facts in dispute and the agency is entitled to judgment as a matter of law.  See, e.g., Alyeska Pipeline Serv. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988); Hayden v. National Security Agency, 608 F.2d 1381, 1386-87 (D.C. Cir. 1979) (summary judgment appropriate in FOIA cases on the basis of affidavits).  Under the FOIA, which supplies the applicable substantive legal principles, defendant in this case bears the burden of proving three elements:

(1)    "**adequacy of the search**" -- that is, the search for responsive documents was adequate;

(2)    "**applicability of exemptions**" -- that is, the information withheld from release falls

within an exemption from the FOIA's general requirement that information be

released; and

(3)    "**reasonable segregability**" -- that is, the "reasonably segregable," non-exempt

information has been disclosed after deletion of the exempt information.

See Public Employees for Environmental Responsibility v. United States Dep't of the Interior, No.

Civ.A. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006) (holding that agency had "met its

summary judgment burden by demonstrating that it fully discharged its FOIA obligations by

conducting a reasonable and adequate search for documents, properly invoking applicable FOIA

exemptions, and releasing all reasonably segregable factual materials from responsive

documents.") (citations omitted).  See also NYC Apparel FZE v. United States Customs & Border

Protection, 484 F. Supp. 2d 77, 86 (D.D.C. 2007) ("'[A]gency entitled to summary judgment if no

material facts are in dispute and if it demonstrates that each document that falls within the class

requested has been produced . . . or is wholly[, or partially] exempt [from disclosure].'") (quoting

Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).  In this case, the

defendant has fully discharged its obligations under the FOIA.

          **B.    DOJ Has Satisfied Its Obligations Under the FOIA Because It Conducted a
                  Reasonable Search for Documents and Has Not Withheld any Responsive
                  Information.**

          In responding to a FOIA request, an agency is under a duty to conduct a good faith search

for responsive records, "using methods which can be reasonably expected to produce the

information requested."  Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir.

1990) (citations omitted); Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990);

5

Cleary,Gottlieb, Steen & Hamilton v. Dep't of Health & Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993).  This "reasonableness" standard focuses on the method of the search, not its results.  Cleary, Gottlieb, 844 F. Supp. at 777 n.4 (citing Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986)); see also Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  The search standards under the FOIA do not require an agency to prove that all responsive documents have been located.  Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citation omitted).  Instead, "the search need only be reasonable; it does not have to be exhaustive."  Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing Shaw v. Dep't of State, 559 F. Supp. 1053, 1057 (D.D.C. 1983)).  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Oglesby, 920 F.2d at 68.  Nor is there a requirement that the search be perfect.  Meeropol, 790 F.2d at 956.  The fundamental question is not "'whether there might exist any other documents responsive to the request, but rather whether the *search* for those documents was *adequate*.'"  Steinberg, 23 F.3d at 551 (citation omitted).  "In demonstrating the adequacy of the search, the agency may rely on reasonably detailed, nonconclusory affidavits submitted in good faith."  Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted).

As fully set forth in the declaration of Nelson D. Hermilla, a thorough search for records responsive to plaintiff's request was conducted.  The CRT's system of records for matters and cases, entitled "Central Civil Rights Division Index Files and Associated Records, CRT-001," was searched for records responsive to plaintiff's request.  Hermilla Decl. ¶ 7.  This system of records contains two primary computer databases for case management and tracking correspondence.  Id.

6

No records were found in searching the division's case management system by name.  Id.

Searches were not just limited to the Criminal Section, but included all sections of the division.  Id.

Searches were also conducted in the division's correspondence tracking system by name.

Id.  The division's correspondence system was incorporated into the DOJ's system entitled

"Correspondence Management Systems ("CMS") for the DOJ," DOJ-003, and contains records

pertaining to correspondence, electronic or telephone communications, or other communications

by persons pertaining to official business of the division requesting information, seeking action or

expressing opinions about civil rights matters.  Id.; see also Hermilla Decl., Ex. D.  As a result of

this search, which was expanded to include the time period of January 2001 through July 2005,

three letters were identified as written by plaintiff to the division dated January 26, 2001; April 2,

2001; and April 30, 2003.  Id. ¶¶ 7-8.  FOI/PA branch staff ordered these letters from closed File

No. 144-54-0, which was retrieved from the Federal Records Center, the location where closed

files and matters of the DOJ are stored.  Id. ¶ 8.   On September 18, 2007, the FOI/PA branch

released 32 pages in their entirety.  Id. ¶ 10; see also Hermilla Decl., Ex. E (Letter to plaintiff

dated September 18, 2007).  No information was withheld or redacted.  Id.

However, while plaintiff's April 2, 2001 and April 30, 2003 letters were located, multiple

searches did not result in locating plaintiff's initial letter dated January 26, 2001.  Id. ¶ 9.

Furthermore, because it is the Criminal Section's standard practice to attach its response to an

individual's initial letter, the division's response to plaintiff's January 26, 2001 letter has also not

been located.  Id.  This fact alone, however, does not render the defendant's search inadequate.

See also Trans Union LLC v. Federal Trade Comm'n, 141 F. Supp. 2d 62, 68 (D.D.C. 2001)

("[A]n agency's inability to locate every single responsive [document] does not render an

otherwise diligent search unreasonable.") (citations omitted).  Rather, the standard is whether the

search was reasonably designed to discover responsive records, if they existed.  The searches in

this case meet that standard.  <u>Landmark Legal Foundation v. EPA</u>, 272 F. Supp. 2d 59 (D.D.C.

2003) (holding that agency's search was adequate where agency's search "was not confined to one

office or region**,** [and agency] searched all components of the agency.") (citation omitted).

Furthermore, because no responsive information has been intentionally withheld from plaintiff,

there are no issues regarding claimed exemptions or segregability.  Therefore, the Court should

find that defendant has fully discharged its obligations under the FOIA and enter judgment in

defendant's favor.

## <u>CONCLUSION</u>

For the reasons set forth above, defendant respectfully asks that this matter be dismissed, or

alternatively, that judgment be entered in its favor.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

8

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment, along with all accompanying exhibits, was mailed by depositing a copy of it

in the U.S. Mail, first class postage prepaid, addressed to:

Mr. Steven Ivey
7611 South Orange Bl. Tr.
Apartment #278
Orlando, FL 32809

on this _20th_ day of September, 2007

---

/s/
MICHELLE N. JOHNSON

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

STEVEN IVEY,                                     )
                                                 )
            Plaintiff,                           )
                                                 )
            v.                                   )      Civil No. 07-1284 (EGS)
                                                 )      **ECF**
DEPARTMENT OF JUSTICE,                           )
                                                 )
            Defendant.                           )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO**
**GENUINE ISSUE**

      Pursuant to LCvR 56.1 and 7(h), defendant, the Department of Justice ("DOJ") respectfully

submits this statement of material facts as to which there is no genuine issue in support of its

motion for summary judgment.

      1.     On November 25, 2005, the Civil Rights Division ("CRT") FOIA/Privacy Act

("FOI/PA") branch received a request from plaintiff that stated that he sought access to

"correspondences sent to" Nicole Birch and Laura Sauer, paralegals in the CRT, Criminal Section,

during the period from January 2001 to May 2001.  Declaration of Nelson D. Hermilla ("Hermilla

Decl.")  ¶ 3; Exhibit ("Ex.") A (Plaintiff's FOIA Request).  Plaintiff's request did not specify that

he sought copies of his correspondence sent to the division.  Id.

      2.     On November 29, 2005, following its customary procedures, the FOI/PA office

forwarded a consent/certification of identity form to plaintiff at the address stated on his request

letter.  Id. ¶ 4; Ex. B (Letter to plaintiff dated November 29, 2005).  DOJ regulation 28 C.F.R. §

16.41(d) requires this consent/certification of identity form be completed by a requester.  Id.

      3.     Because plaintiff's request was ambiguous, the FOI/PA intake staff interpreted his

request as seeking records about individuals instead of seeking access to records about himself.  Id.

¶ 5.  By letter dated January 17, 2006, plaintiff provided a certificate of identity form which was received by the FOI/PA Branch office on January 24, 2006.  Id.  However, because the FOI/PA branch staff erroneously interpreted plaintiff's request to require the consent of the individual CRT staff members and erroneously believed that plaintiff had not perfected his request, the FOI/PA branch did not process the request any further.  Id.

4.     On June 5, 2006, plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP") in accordance with DOJ regulations.  Id. ¶ 6; Ex. C (Plaintiff's FOIA appeal dated June 5, 2006).  OIP contacted the FOI/PA branch and alerted the branch to its processing error, *i.e.,* plaintiff did not need a consent form beyond his own certification of identity because Ms. Sauer and Ms. Branch, about whom plaintiff sought correspondence, had been DOJ employees during the time period specified in plaintiff's request.  Id.  OIP remanded the request on October 23, 2006.  Id.

5.     Thereafter, FOI/PA branch staff requested that searches be conducted in the Criminal Section and the Files unit of the CRT.  Id. ¶ 7.  Because plaintiff's request sought records directed to Ms. Sauer, who did not work in the Criminal Section between January and May 2001, the division staff expanded its search to include the actual dates of Ms. Sauer's employment, which extended beyond the scope of plaintiff's request.  Id.  FOI/PA branch staff contacted the human resources office for the division and learned that Ms. Sauer worked in the criminal section from August 2001 to July 2005.  Id.

6.     The CRT's system of records for matters and cases is entitled "Central Civil Rights Division Files Index and Associated Records, CRT-001."  Id.  It contains two primary computer databases for case management and tracking correspondence.  Id.  No records were found in searching the division's case management system by name.  Id.  Searches were not limited to the

criminal section, but included all sections of the division.  Id.  Searches were also conducted in the division's correspondence tracking system by name.  Id.  The division's correspondence system was incorporated into the DOJ's system entitled "Correspondence Management Systems ("CMS") for the Department of  Justice," DOJ-003, which contains records pertaining to correspondence, electronic or telephone communications, or other communications by persons pertaining to official business of the division requesting information, seeking action, or expressing opinions about civil rights matters.  Id.  A complete description of this system of records is attached as Exhibit D. When the search was expanded to include the time period of January 2001 through July 2005, three letters were identified in the correspondence tracking system.  Id.

7.     In searching the indices of the division's central filing system and the filing system covering correspondence received by the division, FOI/PA branch staff identified three letters as written by plaintiff to the division dated January 26, 2001; April 2, 2001; and April 31, 2003.  Id. ¶ 8.  FOI/PA branch staff ordered these letters from closed File No. 144-54-0, which was retrieved from the Federal Records Center ("FRC").  Id.  FRC stores the closed files and matters of the DOJ. Id.

8.     The FOI/PA branch received the FRC files for plaintiff's April 2001 and April 2003 letters, but multiple searches failed to locate plaintiff's initial letter dated January 26, 2001.  Id. ¶ 9.  It is the Criminal Section's standard process to attach its response to an individual's initial letter, but because the initial letter is missing, the division's formal response is also missing and was not located in the FRC closed files.  Id.

9.     On September 18, 2007, the FOI/PA branch provided plaintiff with copies of 32 pages in their entirety.  Id. ¶ 10; Ex. E (Letter to plaintiff dated September 18, 2007).  No information was withheld or redacted.  Id.

Respectfully submitted,


                    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


                    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139


COUNSEL FOR DEFENDANT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,                                )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )        No.   1:07 CV-01284
                                            )
U.S. DEPARTMENT OF JUSTICE,                 )
                                            )
        Defendant.                          )
_____    )

## DECLARATION OF NELSON D. HERMILLA

        I, Nelson D. Hermilla, declare the following to be true and correct:

        1.      I am the Chief of the Freedom of Information/Privacy Acts ("FOI/PA") Branch of

the Civil Rights Division (CRT) of the U.S. Department of Justice ("DOJ") in Washington, D.C.

My duties include supervision of the FOI/PA Branch of the Civil Rights Division (CRT).  The

FOI/PA Branch is responsible for processing all records access requests made to the Division

pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act

("PA"), 5 U.S.C. §552a.

        2.      The statements made in this declaration are based on knowledge acquired through

the performance of my official duties.

        3.      On November 25, 2005,  the Civil Rights Division (CRT) FOI/PA Branch

received a FOIA request from Mr. Steven Ivey ("Plaintiff") which ambiguously stated he sought

access to "correspondences sent to" Nicole Birch and Laura Sauer, paralegals, in the Civil Rights

Division (CRT), Criminal Section, during the period from January 2001 to May 2001, without

specifying that he wished to have his own copies of correspondence sent to the Division.  A true

and correct copy is attached as Exhibit A.

4.    On November 29, 2005, following customary procedures, the FOI/PA office

forwarded a consent/certification of identity form to Plaintiff at the address stated on this request

letter. Department of Justice regulation 28 C.F.R. § 16.41(d) requires this consent/certification

of identity. A true and correct copy is attached as Exhibit B.

5.    The Plaintiff's written request was not clearly defined and the FOI/PA Branch

intake staff interpreted Plaintiff's request to be seeking records about individuals instead of

seeking access to records about himself. By letter dated January 17, 2006, the Plaintiff provided

a certificate of identity form which was received by the FOI/PA Branch office on January 24,

2006. The FOI/PA Branch staff erred in interpreting the request to need consent of the individual

Civil Rights Division staff members and erroneously believed that the Plaintiff had not perfected

his request; therefore, the FOI/PA Branch did not proceed further.

6.    On June 5, 2006, Plaintiff filed an administrative appeal with the Office of

Information and Privacy (OIP) in accordance with Department regulations. A true and correct

copy is attached as Exhibit C. OIP contacted the FOI/PA Branch and pointed out the FOI/PA

Branch's initial administrative processing error, *i.e.*, that Mr. Ivey did not need a consent form

beyond his own individual certification of identity since Ms. Sauer and Ms. Branch, about whom

the Plaintiff had requested correspondence, had been Department employees during the time

specified in the scope of the Plaintiff's request. OIP remanded the request on October 23, 2006.

7.    FOI/PA Branch staff requested that searches be conducted in the Criminal Section

and the Files unit of the Civil Rights Division. Since Mr. Ivey requested letters directed to

Ms. Sauer, who did not work in the Criminal Section from January to May 2001, the Division

staff expanded its search to include dates of Ms. Sauer's employment that extended beyond the

-2-

scope of the Plaintiff's request.  FOI/PA Branch staff contacted the Human Resources office for

the Division and learned that Ms. Sauer worked in the Criminal Section from August 2001 to

July 2005.  The Civil Rights Division's systems of records for matters and cases is entitled

"Central Civil Rights Division Index Files and Associated Records, CRT-001."  It contains two

primary computer databases for case management and tracking  correspondence.  No records

were found in searching the Division's case management system by name.   Searches were not

limited to the Criminal Section, but were conducted for all Sections of the Division.  Searches

were also conducted in the Division's correspondence tracking system by name.  Three letters

were identified in the correspondence tracking system when the search was expanded to include

the time period of January 2001 through July 2005.  The Division's correspondence system was

incorporated into the Department's system entitled "Correspondence Management Systems

(CMS) for the Department of Justice," Department of Justice - 003, which contains records

pertaining to correspondence, electronic or telephone communications, or other communications

by persons pertaining to official business of the Division, requesting information, seeking action

or expressing opinions about civil rights matters.  A complete description of this system of

records is attached as Exhibit D.

      8.     In searching the indices of the Division's central filing system and the filing

system covering correspondence received by the Division, FOI/PA Branch staff identified three

letters as written by Mr. Ivey to the Division dated:  January 26, 2001, April 2, 2001, and April

31, 2003.  FOI/PA Branch staff ordered these letters from closed File No. 144-54-0 which was

retrieved from the Federal Records Center (FRC).  FRC stores the closed files and matters of the

Department of Justice.

9.    The FOIA/PA Branch received the FRC files for Mr. Ivey's April 2001 and April

2003 letters, but multiple searches were unable to locate Mr. Ivey's initial letter dated January

26, 2001. It is the Criminal Section's standard process to attach its response to an individual's

initial letter, but since the initial letter is missing, the Division's formal response is also missing

and was not located in the closed files from FRC.

10.    On September 18, 2007, the FOI/PA Branch responded by letter to Plaintiff and

provided Mr. Ivey with copies of 32 pages in their entirety of documents from the Civil Rights

Division. No information was withheld or redacted. A true and correct copy of the September

18, 2007, letter without the enclosures is attached as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

Nelson D. Hermillá, Chief
FOI/PA Branch
Civil Rights Division
U.S. Department of Justice
Washington, D.C. 20530

Executed on September 20, 2007

-4-

Steven Ivey
7611 S. OBT, Ste. #278
Orlando, Fl, 32809
757-560-9485

FOIA/PA Branch Manager
Civil Rights Division, Rm 311, NALC Bldg.
950 Pennsylvania Avenue, N.W.
Department of Justice
Washington, DC, 20530

11/14/05

Dear Disclosure,

   I am writing to request information under the FOIA and the

Privacy Act of 1974 as records and information maintained by the DOJ

which were correspondences to the Civil Rights/Criminal Division,

Nicole Birch and Laura Sauer of the DOJ.

   The records I am requesting are those correspondences sent

to the two above employees in your criminal/civil division during the period

from January 2001 to May 2001. I agree to pay associated cost up to $50

with notice of cost above this amount to be forwarded to myself.

   Please forward the requested information to the above

address.

        Sincerely,

        Steven Ivey

CIVIL RIGHTS DIVISION
NOV 25 2005

EXHIBIT A

U.S. Department of Justice

Civil Rights Division

NDH:SC
2006-0099(4-078)

Freedom of Information/Privacy Acts Branch - NALC
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

NOV 29 2005

Mr. Steven Ivey
7611 S. OBT, Ste. No. 278
Orlando, FL 32809

Dear Mr. Ivey:

This is to inform you that your request for records from the files of the Civil Rights Division was received by the Freedom of Information/Privacy Acts (FOI/PA) Branch on November 25, 2005.

Your request for information pertaining to correspondence to Nicole Birch or Laura Sauer of the Civil Rights Division Criminal Section for the period from January, 2001 to May, 2001 has been given the following number: 2006-0099(4-078). Please refer to this number for all future inquiries.

Since your letter did not include authorization or a certification of identity for Nicole Birch or Laura Sauer, we will close your file for now. We will re-open your request on receipt of the required authorization forms. The Privacy Act, and the Department of Justice Privacy Act regulation, 28 C.F.R. §16.41, require each person requesting records indexed or maintained under his or her name or another person's name, to furnish the Department with proof of identity/consent to disclosure. Please complete the enclosed form and return it directly to the Freedom of Information/Privacy Acts Branch, Civil Rights Division, US Department of Justice, Washington, DC 20530.

Should you wish to appeal the identification/consent requirement, you may do so by writing, within sixty days, to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Bldg., Suite 570, Washington, DC 20530. The envelope should be marked "FOI/PA Appeal." Following review by the Department, judicial review of the decision of the Attorney General is available in the United States District Court in the judicial district in which you reside, in which you have your principal place of business, or in the District of Columbia.

EXHIBIT B

If you have any questions, you may contact us at (202) 514-4210.

Sincerely,

Nelson D. Hermilla, Chief
Freedom of Information/Privacy Acts Branch
Civil Rights Division

cc:    FOIA Branch Files
       S. Cabrera

U.S. Department of Justice

# Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____    Social Security Number [3] _____

Current Address _____

Date of Birth _____    Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____    **Date** _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

Steven Ivey
7611 S. O.B.T., #278
Orlando, Fl, 32809

Co-Director
Office of Information and Privacy
Department of Justice
Flag Bldg., Ste. 570
Washington, DC, 20530

OFFICE OF INFORMATION
AND PRIVACY

JUN 0 5 2006

RECEIVED

05/29/06

**FOI / PA APPEAL**

**FIOA Request # 2006-0099(4-078)**

Dear Office of FOI / PA,

This is an appeal of the above referenced FOI ? PA request.

(Attachments # 1 & 2) beginning October 10, 2005.

In reply, Nelson Hermilla, from the Civil Rights Division, sent

a letter, (Attachment #3), dated November 29, 2005. In this letter there is a

request for a "Certification of Identity," (Attachment #4). This

certification along with a corresponding letter was sent, January 17, 2006,

(Attachment # 5). The crucial point behind the request from Nelson

Hermilla was that identifiers needed to be sent so that the documentation

could be found. As explained the documentation **would not have**

**contained such information.**

1

EXHIBIT  C

Since January 2006 I have not received any correspondence concerning my request. This means that the required time limits have passed. Additionally, I have agreed to pay any reasonable copy or related cost.

Sincerely,

Steven Ivey

Comments should be addressed to the Assistant Attorney General of the environment and Natural Resources Division, Department of Justice, Washington, DC 20530, and should refer to *United States* v. *Marathon Oil Co. and Marathon Ashland Petroleum, LLC*, D.J. Ref. No. 90–5–2–1–1978A.

The Consent Decree may be examined at the Office of the United States Attorney, Nine Executive Dr., Suite 300, Fairview Heights, IL 62208, and at the Region 5 Office of the United States Environmental Protection Agency, 77 West Jackson Boulevard, Chicago, IL 60604–3590. A copy of the Consent Decree may be obtained by mail from the Department of Justice Consent Decree Library, P.O. Box 7611, Washington, DC 20044. In requesting a copy, please refer to above-referenced case, D.J. No. 90–5–2–1–1978A, and enclose a check in the amount of 13.50 (25 cents per page reproduction cost) payable to the Consent Decree Library.

**William D. Brighton,**

*Assistant Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division.*

[FR Doc. 01–13867 Filed 6–1–01; 8:45 am]

BILLING CODE 4410–15–M

## DEPARTMENT OF JUSTICE

### Notice of Lodging of Consent Decree Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act

In accordance with Departmental policy, 28 CFR 50.7, notice is hereby given that on April 30, 2001, a proposed Consent Decree in *United States* v. *J. B. Stringfellow, Jr. et al.*, Civil Action No. 83–2501 (R), was lodged with the United States District Court for the Central District of California. the Complaint in this action was brought pursuant to, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. 9601 *et seq.*, to recover costs incurred in connection with remedial activities at the Stringfellow Superfund Site in Riverside, California, and to obtain injunctive relief requiring the defendants to take further remedial actions at the Site.

The proposed Consent Decree provides for the recovery of response costs incurred by the United States in connection with EPA's cleanup of the Site through December 31, 2000, through the payment by the State of $99,440,000. In addition, this Consent Decree provides a general commitment by the State to construct and complete the final remedy at the Site and to pay future oversight costs that the United States may incur.

The Department of Justice will receive, for a period of thirty (30) days from the date of this publication, comments relating to the proposed Consent Decree. Comments should be addressed to the Assistant Attorney General of the Environment and Natural Resources Division, Department of Justice, P.O Box 7611, Ben Franklin Station, Washington, DC 20044. Comments should refer to *United States* v. *J.B. Stringfellow, Jr et al.*, Civil Action No. 83–2501 (R), D.J. Ref. No. 90–11–2–24.

The proposed Consent Decree may be examined at either of the following locations: (1) The Office of the United States Attorney, Central District of California, Federal Building, Room 7516, 300 North Los Angeles Street, Los Angeles, California; or (2) Office of Regional Counsel, environmental Protection Agency, 75 Hawthorne St., San Francisco, California. A copy of the consent decree can be obtained by mail from the Department of Justice Consent Decree Library, P.O. Box 7611, Washington, DC 20044. In requesting a copy of the consent decree, please enclose a check in the amount of $4.50 (25 cents per page reproduction cost) payable to the Consent Decree Library.

**Ellen M. Mahan,**

*Assistant Section Chief, Enforcement Section.*

[FR Doc. 01–13866 Filed 6–1–01; 8:45 am]

BILLING CODE 4410–15–M

## DEPARTMENT OF JUSTICE

[AAG/A Order No. 230–2001]

### Privacy Act of 1974; System of Records

Pursuant to the provisions of the Privacy Act of 1974 (5 U.S.C. 552a), notice is given that the Department of Justice proposes to establish a new Department-wide system of records entitled "Correspondence Management systems (CMS) for the Department of Justice (DOJ)," DOJ/003. Most components of the Department maintain and operate their own correspondence tracking systems. There has been no change in the operation of component systems. Rather, this notice of a new system of records replaces most Privacy Act notices already published by components for existing systems, and it also provides notice for components that have not yet published a notice for such records. Because this is a Department-wide systems notice, it is broader than most correspondence tracking systems operated by individual components. The purpose of publishing this Department-wide notice is to increase administrative efficiency and to centralize and simplify for the public the process of obtaining information and making requests. This systems notice includes disclosure provisions that may not have been part of former systems notices. This systems notice does not supercede systems of records covered by separately-noticed systems that are not removed by this order.

Accordingly, this Department-wide system notice replaces, and the Department hereby removes, on the effective date of this notice, the following notices previously published by individual Department of Justice components:

Antitrust Division, "Congressional and White House Referral Correspondence Log File," JUSTICE/ATR–002 (58 FR 6985, Feb. 3, 1993)

Civil Division, "Congressional and Citizen Correspondence File," JUSTICE/CIV–007 (53 FR 4,507, Oct. 17, 1988)

Civil Rights Division, "Files on Correspondence Relating to Civil Rights Matters from Persons Outside the Department of Justice," JUSTICE/CRT–008 (53 FR 40,513, Oct. 17, 1988)

Office of the Deputy Attorney General, "Executive Secretariat Correspondence Control System," JUSTICE/DAG–012 (50 FR 42,614, Oct. 21, 1985)

Drug Enforcement Administration, "Congressional Correspondence File," JUSTICE/DEA–004 (52 FR 47,207, Dec. 11, 1987)

Foreign Claims Settlement Commission, "Correspondence (General)," JUSTICE/FCSC–6 (64 FR 31,296, Jun. 10, 1999)

Foreign Claims Settlement Commission, "Correspondence (Inquiries Concerning Claims in Foreign Countries)," JUSTICE/FCSC–7 (64 FR 31,296, Jun. 10, 1999)

Immigration and Naturalization Service, "Immigration and Naturalization Service Index System," JUSTICE/INS–001 Subsystem D, "Congressional Relations Correspondence Control Index," and Subsystem P, "Correspondence Control and Task Tracking System," (58 FR 51847, Oct. 5, 1993.)

Justice Management Division, "Office of General Counsel (OGC) Correspondence and Advice Tracking System (CATS)," JMD–011 (59 FR 46,661, Sept. 9, 1994)

Land and Natural Resources Division, "Congressional Correspondence

EXHIBIT D

File," JUSTICE/LDN-002 (42 FR 53,351, Sept. 30, 1977)

Land and Natural Resources Division, "Citizens' Mail File," JUSTICE/LDN-006 (45 FR 2214, Jan. 10, 1980)

Office of Legislative Affairs, "Congressional Committee Chairman Correspondence File," JUSTICE/OLA-001 (52 FR 47,278, Dec. 11, 1987)

Office of Legislative Affairs, "Congressional Correspondence File," JUSTICE/OLA-002 (52 FR 47,278, Dec. 11, 1987)

Office of Legislative Affairs, "Citizen Correspondence File," JUSTICE/OLA-003 (52 FR 47,279, Dec. 11, 1987)

Office of Special Counsel for Immigration Related Unfair Employment Practices, "Files on Correspondence Relating to Immigration-Related, Unfair Employment Practices from Persons Outside the Department of Justice," JUSTICE/OSC-002 (53 FR 40,532, Oct. 17, 1988)

Executive Office for U.S. Attorneys, "Citizen Correspondence Files," JUSTICE/USA-004 (54 FR 42,089, Oct. 13, 1989)

In accordance with 5 U.S.C. 552a(e)(4) and (11), the public is given a 30-day period in which to comment; and the Office of Management and Budget (OMB), which has oversight responsibility under the Act, requires a 40-day period in which to conclude its review of the system. Therefore, please submit any comments by [30 days after publication in the Federal Register]. The public, OMB, and the Congress are invited to submit any comments to Mary E. Cahill, Management and Planning Staff, Justice Management Division, Department of Justice, Washington, DC, 20530 (Room 1400, National Place Building).

In accordance with 5 U.S.C. 552a(r), the Department has provided a report to OMB and the Congress.

Dated: May 15, 2001.

Janis A. Sposato,

*Acting Assistant Attorney General for Administration.*

**Department of Justice—003**

SYSTEM NAME:

Correspondence Management Systems (CMS) for the Department of Justice.

SYSTEM LOCATION:

U.S. Department of Justice, 950 Pennsylvania Ave., NW., Washington, DC 20530, and other Department of Justice offices throughout the country.

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

Individuals originating, receiving, or named in correspondence (including attachments) to or form the Department or whose correspondence is referred to the Department, or persons communicating electronically or by telephone with the Department regarding official business of the Department, including Members of Congress, other government officials, individuals, and their representatives; individuals originating, receiving, or named in internal memoranda (including attachments) within the Department, including DOJ employees, contractors, and individuals relating to investigators, policy decisions, or administrative matters of significance to the Department of Justice; in some instances, Department of Justice personnel assigned to handle such correspondence and other matters.

CATEGORIES OF RECORDS IN THE SYSTEM:

Correspondence identification (*e.g.,* correspondence's name, address, title, organization, control number, date of correspondence, date received, subject); status of response within the Department; may include original correspondence, Department's response, office or staff member assigned to handle the matter, referral letters, name and identification of person referring the correspondence, copies of any enclosures, and related materials. Some internal memoranda, e-mail correspondence, and logs/notes of official telephone calls to/by Department staff are also tracked. Records may include case files, litigation materials, reports, or other goods on a given subject or individual. This material varies according to the wide scope of the responsibilities of the Department of Justice. Correspondence identification and tracking information, as well as some substantive information on these matters is maintained in automated database in electronic format and/or paper files. This system does not cover systems of records covered by separately-notices systems.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

5 U.S.C. 301 and 44 U.S.C. 3101.

PURPOSE(S) OF THE SYSTEM:

The System controls and tracks correspondence received or originated by the Department or referred to the Department, and action taken by the Department in response to correspondence received, as well as some internal memoranda, action items, e-mail correspondence, and logs/notes of official telephone calls. It also serves

as a reference source for inquiries and response thereto.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

Pursuant to subsection (b)(3) of the Privacy Act, information may be disclosed from this system as follows:

A. To the news media and the public pursuant to 28 CFR 50.2 unless it is determined that release of the specific information in the context of a particular case would constitute an unwarranted invasion of personal privacy.

B. To a Member of Congress or staff acting upon the Member's behalf when the Member or staff requests the information on behalf of an individual who is the subject of the record.

C. To the General Services Administration and National Archives and Records Administration in records management inspections conducted under the authority of 44 U.S.C. 2904 and 2906.

D. Where a record, either on its face or in conjunction with other information, indicates a violation or potential violation of law, to any civil or criminal law enforcement authority or other appropriate agency, whether federal, state, local, foreign, or tribal, charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing a statute, rule, regulation, or order.

E. In an appropriate proceeding before a court, grand jury, or administrative or regulatory body when records are determined by DOJ to be arguably relevant to the proceeding.

F. To an actual or potential party to litigation or the party's authorized representative for the purpose of negotiation or discussion on such matters as settlement, plea bargaining, or in informal discovery proceedings.

G. To a federal agency or entity that requires information relevant to a decision concerning the hiring, appointment, or retention of an employee, the issuance of a security clearance, the conduct of a security or suitability investigation, or pursuit of other appropriate personnel matter.

H. To a federal, state, local, or tribal agency or entity that requires information relevant to a decision concerning the lettering of a letter or permit, the issuance of a grant or benefit; or other need for the information in performance of official duties.

I. To contractors, grantees, experts, consultants, students, and others performing or working on a contract, service, grant, cooperative agreement, or

other assignment for the Federal government, when necessary to accomplish an agency function related to this system of records.

J. To a former employee of the Department for purposes of: responding to an official inquiry by a federal, state, or local government entity or professional licensing authority; in accordance with applicable Department regulations; or facilitating communications with a former employee that may be necessary for personnel-related or other official purposes where the Department requires information and/or consultation assistance from the former employee regarding a matter within that person's former area of responsibility.

K. To the White House (the President, Vice President, their staffs, and other entities of the Executive Office of the President (EOP)) for Executive Branch coordination of activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President.

L. To such recipients and under such circumstances and procedures as are mandated by federal statute or treaty.

POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Records are stored in electronic form and on paper.

RETRIEVABILITY:

Information can be retrieved by correspondence control number; name of individual; subject matter of topic; or in some cases, by other identifying search term employed.

SAFEGUARDS:

Information in these systems is safeguarded in accordance with applicable rules and policies, including the Department's automated systems security and access policies. Tax return information is safeguarded in accordance with 26 U.S.C. 6103. Classified information is appropriately stored in safes and in accordance with other applicable requirements. In general, records and technical equipment are maintained in buildings with restricted access. The required use of password protection identification features and other system protection methods also restrict access. Access is limited to those who have an official need for access to perform their official duties.

RETENTION AND DISPOSAL:

Records are retained and disposed of in accordance with individual

component guidelines approved by the National Archives and Records Administration (SF 115s), and/or pursuant to General Records Schedule 14, or 23, item 8.

SYSTEM MANAGER(S) AND ADDRESS:

Deputy Assistant Attorney General, Human Resources/Administration, Justice Management Division, 950 Pennsylvania Ave., NW., Washington, DC 20530.

NOTIFICATION PROCEDURES:

Address inquiries to System Manager named above.

RECORD ACCESS PROCEDURES:

Requests for access must be in writing and should be addressed to the System Manager named above. The envelope and letter should be clearly marked "Privacy Act Access Request." The request should include a general description of the records sought and must include the requester's full name, current address, and date and place of birth. The request must be signed and either notarized or submitted under penalty of perjury. Some information may be exempt from access provisions as described in the section entitled "Systems Exempted from Certain Provisions of the Act." An individual who is the subject of a record in this system may access those records that are not exempt from disclosure. A determination whether a record may be accessed will be made at the time a request is received.

CONTESTING RECORD PROCEDURES:

Individuals desiring to contest or amend information maintained in the system should direct their request to the System Manager listed above, stating clearly and concisely what information is being contested, the reasons for contesting it, and the proposed amendment to the information sought. Some information is not subject to amendment, such as tax return information. Some information may be exempt from contesting record procedures as described in the section entitled "Systems Exempted from Certain Provisions of the Act." An individual who is the subject of a record in this system may amend those records that are not exempt. A determination whether a record may be amended will be made at the time a request is received.

RECORD SOURCE CATEGORIES:

Sources of information contained in these systems include individuals, state, local, tribal, and foreign government agencies as appropriate, the executive and legislative branches of the Federal

Government, the Judiciary, and interested third parties. The source of the information on the control records contained in these systems is derived from incoming and outgoing correspondence and internal memoranda.

SYSTEMS EXEMPTED FROM CERTAIN PROVISIONS OF THE ACT:

The Attorney General has exempted this system from subsections (c)(3) and (4); (d)(1), (2), (3) and (4); (e)(1), (2), (3), (5) and (8); and (g) of the Privacy Act pursuant to 5 U.S.C. 552a(j) and (k). Rules have been promulgated in accordance with the requirements of 5 U.S.C. 553(b), (c) and (e) and have been published in the Federal Register. These exemptions apply only to the extent that information in a record pertaining to a particular individual is classified to protect the national security, or relates to official investigations and law enforcement matters. A determination as to exemption shall be made at the time a request for access or amendment is received.

[FR Doc. 01–13860 Filed 6–1–01; 8:45 am]
BILLING CODE 4410–FB–M

---

DEPARTMENT OF JUSTICE

[AAG/A Order No. 231–2001]

Privacy Act of 1974; System of Records

Pursuant to the provisions of the Privacy Act of 1974, 5 U.S.C. 552a, notice is given that the Department of Justice proposes to establish a new Departmentwide system of records entitled, "Freedom of Information Act, Privacy Act, and Mandatory Declassification Review Requests and Administrative Appeals, and those systems remain in existence. This notice of a new system of records merely consolidates the Privacy Act notices already published by components for those existing systems, and it also provides notice for components that have not yet published a notice for such records. Accordingly, this Departmentwide system notice replaces, and the Department hereby removes, the following notices previously published by individual Department of Justice components:
Antitrust Division, "Freedom of Information/Privacy Requester/Subject Index File," JUSTICE/ATR–005 (60 FR 52,693, Oct. 10, 1995)
Bureau of Prisons, "Freedom of Information Act Record System," JUSTICE/BOP–002 (42 FR 53,291, Sept. 30, 1977)



U.S. Department of Justice

Civil Rights Division

Freedom of Information/Privacy
Acts Branch
P.O. Box 65310
Washington, DC  20035-5310

NDH:TC
2006-0099 (4-078)

SEP 1 8 2007

Mr. Steven Ivey
7611 S. OBT, Ste. No. 278
Orlando, FL 32809

Dear Mr. Ivey:

This is in further response to your Freedom of Information Act (FOIA) request for records of correspondence sent to Nicole Branch and Laura Sauer of the Civil Rights Division Criminal Section for the period of January 2001 to May 2001.  Ms. Sauer did not work in the Criminal Section during 2001, so the time frame was expanded to include her employment.

Enclosed please find copies of 31 pages consisting of copies of your April 2, 2001, and April 31, 2003, letters with attachments.  Our records indicate that you wrote to the Division three times in letters dated January 26, 2001, April 2, 2001, and April 31, 2003.  We located the last two letters, but were unable to locate your first letter dated January 26, 2001.

After searching through the records for that time frame, we could not locate your letter or the Division's formal response to you which would be attached to the original letter.  However, we have a copy of the Division's draft response to your January letter and have included a one page copy of that draft which may be different from the formal response that you received from the Division.  The Division responded to your first letter and did not respond to the two subsequent letters.

We have released all responsive documents related to your request that were located.  These 32 pages are released in their entirety without any redactions.

I hope the Civil Rights Division has been of assistance to you in this matter.

Sincerely,

Nelson D. Hermilla, Chief
Freedom of Information/Privacy Acts Branch
Civil Rights Division

Enclosures

EXHIBIT  E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| STEVEN IVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil No. 07-1284 (EGS) |
| | )         **ECF** |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

_____ )

**<u>PROPOSED ORDER</u>**

This matter having come before the Court on defendant's motion to dismiss, or in the alternative, for summary judgment, plaintiff's opposition to the motion, if any, and defendant's reply, if any, it is hereby

**ORDERED** that defendant's motion is hereby **GRANTED**.  And it is further

**ORDERED** that this action is dismissed with prejudice.

**SO ORDERED** on this _____ day of _____, 200___.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE